THE SPORT SHOP, INC., demandante y apelada, *v.* BLANTON WINSHIP, GOBERNADOR DE PUERTO RICO, y BENIGNO FERNÁNDEZ GARCÍA, PROCURADOR GENERAL DE PUERTO RICO, demandados y apelantes.

Núm. 7559.—*Sometido:* Junio 15, 1938. *Resuelto:* Junio 24, 1938.

*Hon. Procurador General B. Fernández García* y *F. García Quiñones, Fiscal Especial General,* abogados de los apelantes; *C. Ruiz Nazario, G. Benítez Gautier* y *Jorge Benítez Gautier,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

A requerimiento de parte legítima, el Procurador General de Puerto Rico emitió una opinión interpretando la Ley núm. 14 de 8 de julio de 1936 (Leyes de ese año, sesión extraordinaria, pág. 129) en el sentido de que no podrán venderse armas de fuego a personas que no posean una licencia expedida de acuerdo con las disposiciones de la Ley núm. 14 de 25 de junio de 1924 (Leyes de ese año, sesión extraordinaria, pág. 115.) Aceptando y acatando la expresada opinión, el demandado Hon. Blanton Winship, Gobernador de Puerto Rico, se propone hacer efectiva la ley de 8 de julio de 1936 antes citada, persiguiendo a cualquier vendedor de armas al por menor que venda las mismas a personas que no posean la referida licencia.

La demandante, corporación legalmente dedicada entre otras actividades a la venta de armas al por menor, no estuvo conforme con la interpretación que a la citada ley dió el Procurador General e interpuso ante la Corte de Distrito de San Juan una acción en solicitud de sentencia declaratoria que despeje la incertidumbre con respecto a la correcta interpretación de la ley. La acción se estableció contra el Gobernador de Puerto Rico Hon. Blanton Winship y el Procurador General Hon. Benigno Fernández García. No existió controversia en cuanto a los hechos alegados en la demanda. La cuestión se redujo, pues, a determinar si un vendedor de

armas al por menor legalmente autorizado sólo puede vender a personas que posean licencias para portarlas o si por el contrario no está sujeto a más restricción que la prescrita en el artículo 2 de la Ley núm. 14 de 8 de julio de 1936 y a los artículos 3, 4 y 5 de la misma ley que regulan el procedimiento a seguir al hacer tal venta.

Sometida así la controversia a la corte inferior, dictó ésta en 4 de mayo de 1937 una sentencia en que declaró

". . . que la interpretación dada por la peticionaria a las referidas leyes en el sentido de que en sus ventas y entregas de armas de fuego al por menor en el territorio de Puerto Rico sólo está obligada a exigir de las personas que interesen comprarle dichas armas que llenen los requisitos exigidos por y cumplan con las disposiciones de los artículos 2, 3 e incisos 3 y 4 del artículo 5 de dicha Ley núm. 14 de 8 de julio de 1936, sin que dicha peticionaria esté legalmente obligada o tenga derecho a exigir de dichas personas constancia alguna creditiva de que las mismas están autorizadas legalmente para la portación de tales armas.

"Asimismo declara la Corte que los derechos de la peticionaria, como portadora de la referida licencia para la venta al por menor de armas de fuego en el territorio de Puerto Rico, bajo dicha Ley núm. 14 de 8 de julio de 1936, son los que resultan de las disposiciones expresas de dicha ley, según aquí interpretada y ningún otro."

Contra esta sentencia se interpuso por los demandados el presente recurso solicitando la revocación de la misma, basándose en dos errores que imputa a la corte inferior, a saber:

"La Corte de Distrito cometió error al resolver que The Sport Shop Inc., al vender y entregar armas de fuego al por menor en el territorio de Puerto Rico, sólo está obligada a exigir de las personas que interesan comprarle dichas armas que llenen los requisitos exigidos por y cumplan con las disposiciones contenidas en los Arts. 2 y 3 e incisos 3 y 4 del Artículo 5 de dicha Ley núm. 14 de 8 de julio de 1936, sin que dicha peticionaria esté legalmente obligada o tenga derecho a exigirle a dichas personas constancia alguna creditiva de que las mismas estén autorizadas legalmente para la portación de tales armas.

"Haber resuelto que los derechos de The Sport Shop Inc., como portadora de una licencia para la venta al por menor de armas de

fuego en el territorio de Puerto Rico bajo dicha Ley núm. 14 de 8 de julio de 1936, son los que resultan de las disposiciones expresas de dicha ley, según aquí interpretada, y ningún otro.''

 El artículo 2 de la ley últimamente mencionada dice así:

"Art. 2. Nadie podrá entregar un arma de fuego a persona menor de diez y ocho años, ni a persona que haya sido convicta de un delito *felony,* o que fuere adicto al uso de drogas, beodo consuetudinario, o de mente desequilibrada, siempre que la persona que entregue el arma tuviere causa razonable para creer, o supiere, que quien ha de recibirla está incluída en esta prohibición.''

Ningún otro artículo de la Ley núm. 14 de 1936 contiene restricción alguna con respecto a la persona a quien puede venderse un arma de fuego. Insisten, sin embargo, los demandados en que el artículo 12 de la ley últimamente citada sostiene su proposición y sirve de base a su opinión el hecho de que el artículo 12, supra, prescribe que las disposiciones de la Ley núm. 14 de 8 de julio de 1936 en nada alteran·o limitan las disposiciones contenidas en la número 14 aprobada el 25 de junio de 1924, relativa a la portación de armas. Evidentemente los demandados no toman en cuenta la excepción que establece dicho artículo 12 al referirse a la ley de 25 de junio de 1924 al efecto de que todo lo que se refiere a reglamentación de venta de armas de fuego contenido en la ley de 1924 queda derogado por la citada ley de 8 de julio de 1936. Para su mejor comprensión vamos a transcribir el artículo 12 de la ley últimamente citada:

"Art. 12. Las disposiciones de esta Ley en nada alteran o limitan las disposiciones contenidas en la Ley núm. 14, aprobada el 25 de junio de 1924, titulada 'Ley para enmendar la ley titulada ''Ley prohibiendo portar armas'' ', en la forma actualmente en vigor, *excepto en lo que se refiere a la reglamentación de las ventas de armas de fuego,* y las penas que por esta Ley se establecen se impondrán en adición a las determinadas por las infracciones de la referida Ley núm. 14, de 25 de junio de 1924. Toda ley o parte de ley que se oponga a la presente, queda por ésta derogada.''

Si bien la ley de 1924 y la de 1936 son leyes *in pari materia,* el propósito de cada una de ellas es distinto. Mientras la primera regula la portación de toda clase de armas y prescribe el procedimiento para obtener licencia para portar las de fuego, la segunda dicta las reglas convenientes para la compraventa de estas últimas y establece el registro de las mismas. Una y otra discurren por cauces distintos, habiéndose eliminado de la de 1924 el único punto de contacto que pudiera tener con la de 1936, o sea la parte de la primera que se refiere a la reglamentación de las ventas de armas de fuego, materia ésta ampliamente regulada por la ley de 1936.

No debe preocupar a los demandados la posibilidad de que el que compre un arma de fuego sin estar provisto de una licencia pueda hacer mal uso del arma. Como muy acertadamente alega la demandante, tampoco se preocupa el Gobierno cuando para el buen desempeño de sus deberes entrega armas a un policía. El derecho de un ciudadano de portar armas dentro de su hogar en defensa de su persona y de su familia es tan justo y respetable como lo es el de cualquier poseedor de una licencia expedida por un tribunal de justicia. Más de una vez los tenedores de licencia han hecho mal uso de su arma y ello no indica que deba prohibirse la expedición de tales licencias. La mala conducta de uno o más ciudadanos no debe privar de los beneficios de una ley a toda una comunidad.

Tampoco debe ser motivo de preocupación el hecho de que el comprador de un arma la porte sin licencia mientras se dirige desde el establecimiento del vendedor hacia su propio hogar. La intención es un elemento esencial en el delito de portar armas y ninguna infracción comete el comprador que del establecimiento del vendedor conduce el arma a su propio hogar o a la finca de su propiedad con la intención de guardarla allí.

No existiendo, como no existe, precepto legal alguno que exija que el comprador de armas de fuego necesariamente deba

poseer una licencia para portarlas, es perfectamente legal para todo vendedor de armas al por menor legalmente. autorizado, venderlas sin más restricción que la que aparece en el artículo 2 de la ley últimamente citada, que indica las personas que no pueden comprarlas, y en los artículos 3 y 5 (incisos 3 y 4), que establecen el procedimiento para la venta.

La corte inferior no cometió ninguno de los errores que le imputan los apelantes. Su sentencia está ajustada a la ley. *Procede, por consiguiente, su confirmación.*

El Juez Presidente Señor Del Toro está conforme con el resultado.[*]